

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,465-01

### EX PARTE AL LETROY SMITH, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
FROM THE CAUSE NO. 43,986-01-A IN THE 47TH DISTRICT COURT
POTTER COUNTY

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

I disagreed with the majority when it expanded the doctrine of laches in writs of habeas corpus in *Perez v. State*, 398 S.W.3d 206, 219-20 (Tex. Crim. App. 2013) (Meyers, J., dissenting), and I disagree with it again today. The majority is handicapping applicants and further aiding the State by not requiring the State to plead laches at all, but then forcing the applicant to show, in yet another court, why his application should not be barred.

This process is particularly unkind to those applicants who had no idea why their case was not being advanced in the courts, as occurred here. As a consequence of his counsel's likely ineffective assistance, Applicant sat in jail for ten years before informing the courts

that he never received his rightful appeal. Without a lawyer in jail with him, there is no reason an applicant should know the time limit for filing an application for a writ of habeas corpus. The majority talks in detail about using an equitable standard, but, considering that the alternative to filing a writ is being incarcerated, equity is clearly not on the side of applicants. And to excuse the State from having to assert laches at all, which may show that an application should be dismissed, further tips the balance of equity away from applicants. Further, there is nothing in the majority opinion that indicates what criteria one would follow in order to decide which cases warrant this *sua sponte* consideration. Reading the majority opinion, one can only draw the conclusion that this case is being returned for no reason other than the fact that a substantial amount of time has passed between the conviction and the application.

Instead of remanding this case for Applicant to explain his delay, we should be requiring the State to explain to us why it did not plead laches itself. Applicant now must overcome two burdens: proving he is not barred by laches, and proving he received ineffective assistance of counsel. Because I believe that the onus should be on the State and that we should not consider *sua sponte* whether laches bars an applicant's claim, I respectfully dissent.

Meyers, J.

Filed: October 1, 2014

Publish